UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELLIOT MOREHARDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:16-mc-00298-DBH |
| | ) |
| JASON P. GRIMES, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION AFTER DISCLOSURE HEARING**[1]

On August 17, 2018, the Court conducted a disclosure hearing on Plaintiff's efforts to enforce a money judgment entered in the United States Bankruptcy Court in the amount of $34,614.87. Under Maine law, which governs the enforcement of the judgment,[2] upon consideration of a judgment-debtor's income and assets, to satisfy a judgment, a court can order a judgment-creditor to make regular installment payments or to turn over property for sale. 14 M.R.S. §§ 3126-A, 3131.

---

[1] Pursuant to 28 U.S.C. § 636, a Magistrate Judge may enter orders on certain pretrial matters. Because the enforcement of a money judgment is a post-judgment matter, a recommended decision is appropriate. *See e.g., Helfman v. GE Grp. Life Assur. Co.*, No. 2:06-cv-13528, 2011 WL 1457740, at *1 n.1 (Mar. 15, 2011), *report and recommendation adopted*, 2011 WL 1457742 (E.D. Mich. Apr. 15, 2011).

[2] Federal Rule of Civil Procedure 69 provides that "[t]he procedure on execution – and in proceedings supplemental to and in aid of judgment or execution – must accord with the procedure of the state where the court is located." Congress has specified that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in *or related to cases under* title 11." 28 U.S.C. § 1334(b) (emphasis added). Because Defendant's bankruptcy case is now closed, a Rule 69 proceeding, rather than a Bankruptcy Rule 7069 proceeding, is in order. Neither party has objected to the Court's exercise of jurisdiction, and having examined the issue independently, I am persuaded that the exercise of the Rule 69 enforcement power is appropriate given that the Bankruptcy Court's Default Judgment was not exclusively a finding of non-dischargeability, but also a final money judgment within its jurisdiction to award. *See also In re Deitz*, 760 F.3d 1038, 1047 – 48 (9th Cir. 2014) (collecting cases demonstrating that it is within the bankruptcy court's jurisdiction to issue a final money judgment in connection with a determination of nondischargeability).

At the hearing, Plaintiff called Defendant and Defendant's former girlfriend, Dena Thompson, to testify. Plaintiff also introduced several exhibits. Following the hearing, Plaintiff filed a written argument (ECF No. 45) and a supplemental memorandum and request for order of sale. (ECF No. 46.)

**Proposed Findings of Fact**

Based on the evidence presented at the hearing, I recommend the Court find the following facts:

1. On June 8, 2016, the United States Bankruptcy Court entered a judgment against Defendant in the amount of $34,614.87, plus interest and costs. Defendant has not satisfied the judgment.

2. Defendant, who is a welder by trade, has worked very little during at least the two years preceding the hearing. Defendant does not have a regular source of income. He relies on family members for support.

3. Defendant possesses certain personal property which, if sold, would generate proceeds that could be used to satisfy in part the judgment.

4. Although Defendant contends he does not own much of the property he possesses, which property principally consists of firearms, motorcycles, and motor vehicle parts, Defendant did not provide the full names of the individuals who purportedly own the property. Furthermore, despite the fact the original disclosure subpoena required Defendant to produce at the hearing documents that evidence ownership of the personal property at or around his residence, Defendant produced no documentation to confirm that others own the property.

5. Defendant owns or has a property interest in the firearms depicted in Exhibit 5, which was introduced as evidence at the hearing.

6. Defendant owns the knife depicted in Exhibit 5.

7. With the exception of two motorcycles identified by Dena Thompson as owned by her, Defendant owns or has a property interest in the motorcycles depicted in Exhibit 1, which was introduced as evidence at the hearing.

8. Defendant owns the engine block located on the property on which he resides.

9. Defendant owns a gun safe described at the hearing.

10. The proceeds of the sale of the property described herein would in part reduce the amount of the judgment entered in the Bankruptcy Court.

11. Pursuant to 14 M.R.S. § 4422(15), Defendant has an exemption for his aggregate interest in the property in an amount not to exceed $400.

## Discussion

Presumably because Defendant does not have regular income, Plaintiff has not asked the Court to order Defendant to make installment payments on the judgment. Rather, Plaintiff asks the Court to order Defendant to turn over certain property for sale, as authorized by 14 M.R.S. § 3131. Given Defendant's lack of any income or other assets with which to satisfy the judgment, Plaintiff's request is reasonable. Under the circumstances, a turn-over and sale order is appropriate.

## Conclusion

Based on the proposed findings of fact and the foregoing analysis, I recommend the Court order:

1. Defendant shall turn over to the sheriff the following property: (a) the firearms depicted in Exhibit 5; (b) the knife depicted in Exhibit 5; (c) other than the motorcycles for which Dena Thompson claimed ownership at the hearing, the motorcycles depicted in Exhibit 1; (d) the gun safe described at the hearing; and (e) the engine block located on the property on which Defendant resides.

2. Plaintiff's counsel shall assist the sheriff in the identification of the property to be turned over in accordance with the Court's order.

3. To the extent Defendant contends any other individuals have an interest in any of the property subject to turn-over, Defendant shall give notice to the individuals in accordance with 14 M.R.S. § 3131(3) prior to the sale of the property.

4. Pending the turn-over and sale of the property, Defendant is enjoined from transferring or modifying the property.

5. Plaintiff shall sell the property and account for the sale in accordance with 14 M.R.S. § 3131.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of September, 2018.